



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Richard S. Morris
County Attorney
Armstrong County
Claude, Texas

Dear Sir:

Opinion No. 0-1098
Re: Legality of payments to
county attorney for collec-
tion of delinquent taxes.

You request for an opinion on the question as
herein stated has been received by this office.

Your letter reads in part as follows:

"At a regular meeting of the November 1936
term of the commissioners court, the county be-
ing in need of collecting its delinquent taxes,
the county attorney was requested by the court,
to send out letters to the delinquent taxpayers
requesting the payment of their taxes which the
county attorney agreed to do. At this time no
mention of compensation was made nor was any ex-
pected by the attorney. Shortly thereafter the
first letters were mailed, on or about the 17th
of November, 1936. The amount of $1845.92 in
delinquent taxes was collected between the 17th
of November and the 12th of December, 1936, which
was considerably more than is ordinarily collect-
ed during the same period of the year on other
years. At a regular meeting of the commissioners'
court on December 12, 1936, the county attorney,
at that time drawing ex officio compensation of
$50.00 per month, due to the extra work, and ex-
pense of corresponding and holding personal con-
ference with a considerable number of taxpayers,
assisting them in correcting and adjusting past
errors in regard to their taxes, investigating
the ownership of property listed on the rolls as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

unknown, ascertaining the addresses of different delinquent non-resident taxpayers and property owners, all of which was not included in his statutory duties as county attorney, felt that he was entitled to some compensation for such services, and requested the commissioners' court for compensation commensurate with the benefit resulting to the county by reason of his services in this respect. It was agreed that such compensation should be paid and the following order was passed: 'that _____ be allowed 10¢ on collection of delinquent taxes for county and common schools exclusive of costs and penalties, which motion duly carried.'

"Monthly thereafter, from December 14, 1936, to September 30, 1937, the county attorney, upon presentation of his account, was paid an amount equal to 10¢ of the delinquent county and common school taxes paid the preceding month, exclusive of penalty, interest and costs and state taxes, aggregating the total of $396.12. Such payments being made by means of warrants drawn on the general fund of the county and being approved each month by the commissioners court in the minutes of the accounts allowed.

"The legality of such compensation and payment being questioned by the auditor of the county, the above-quoted order was revoked by the commissioners court at the request of the county attorney on October 11, 1937, and such payments discontinued by an order as follows: 'that order previously passed allowing _____ ten per cent on all delinquent taxes collected be hereby revoked and that _____ as county attorney be allowed $60.00 per month after October 1st, 1937, which motion duly carried."

"The taxes collected were both real and personal property taxes. There was no compensation for such services prior to the date of the first order on December 14, 1936.

"1.  ere the payments outlined above illegal?

"2. If such payments illegal, upon whom rests the liability for such payments?

"3. What is the liability of the county attorney under such circumstances?

"4. In the event such payment is illegal, would the county attorney be entitled to a reasonable compensation from the county of a quantum meruitum basis?

"5. In the event such payment was illegal, what would be the proper method of adjusting such error?"

Article 7332, Revised Civil Statutes, reads in part as follows:

"* * * In all cases, the compensation for said Attorney shall be Two ($2.00) Dollars for the first tract and One ($1.00) Dollar for each additional tract up to four (4), but said fee in no case to exceed Five ($5.00) Dollars. And provided, that in any suit brought against any individual or corporate owner, all past due taxes for all previous years on such tract or tracts shall be included; and provided, further that where there are several lots in the same addition or subdivision delinquent, belonging to the same owner, all said delinquent lots shall be made the subject of a single suit * * *"

"* * * Provided, that the fees herein provided for in connection with delinquent tax suits shall constitute the only fees that shall be charged by officers for preparing, filing, instituting, and prosecuting suits on delinquent taxes and securing collection thereof, and all laws in conflict herewith are hereby repealed * * *"

Article 335, Revised Civil Statutes, reads as follows:

"Whenever a district or county attorney has collected money for the state or for the county, he shall within thirty days after receiving the same, pay it into the treasury



Honorable Richard S. Morris, Page 4

> of the State or of the county in which it be-
> longs, after deducting therefrom and retaining
> the commission allowed him thereon by law. Such
> district or county attorney shall be entitled
> to ten per cent commission on the first thou-
> sand dollars collected by him in any one case
> for the State or county from any individual or
> company, and five per cent on all sums over one
> thousand dollars, to be retained out of the money
> when collected, and he shall also be entitled to
> retain the same commission on all collections
> made for the State or for any county. This arti-
> cle shall also apply to money realized for the
> State under the escheat law."

In opinion No. 0-260 and numerous other opinions
which we do not deem necessary to cite here, this Depart-
ment has constantly construed Article 335, supra, as allow-
ing the county or district attorney ten per cent commission
on all money collected in the preparation, filing and pro-
secution of delinquent tax suits against personal property.
Such fees, however, would not be taxed as costs against the
taxpayer.

It will be seen from the reading of the above pro-
visions of Article 7332 that the fees provided for therein
are applicable and pertain only to the collection of taxes
upon real estate and such fees allowed for such services
exclusive of all other fees and commissions. It is made the
duty of the county or district attorney to represent the
State in all suits against delinquent taxpayers and no pro-
vision being made for fees and commissions for such services
as delinquent tax collection on personal property.

In opinion No. 0-815, written by Honorable W. F.
Moore, First Assistant Attorney General, addressed to Honor-
able Stanley Timmins, County Attorney, Marshall, Texas, this
Department held that the commissioners' court does not have
the authority to pay an attorney on a quantum meruit basis
for services rendered in the collection of delinquent taxes,
and that such services when and if rendered in pursuance to
a contract that has been legally entered into can only be
compensated for in the manner set forth in Article 7335a
and other related statutes which were referred to in this
opinion.



For your convenience we enclose herewith a copy of opinion No. 0-815.

Article 7332, supra, provides the only fees chargeable by the county attorney for preparing, filing, instituting and prosecuting delinquent tax suits on real estate and securing a collection thereof. And as above stated Article 335, Revised Civil Statutes, allows the county or district attorney ten per cent commission on all the money collected and the preparation, filing and prosecuting of delinquent tax suits against personal property.

In opinion No. 0-988 this Department held that the commissioners' court is not authorized to contract with or pay to a county attorney a percentage of delinquent taxes collected.

Under the provisions of Article 7332, supra, commissioners' court has no authority to allow the county attorney fees in addition to those authorized by the statutes.

In the following cases, Commissioners' Court of Madison County et al v. Wallace et al, 15 S. W. (2d) 535; Baldwin v. Travis County, 88 S. W. 480, and numerous other cases which we do not deem necessary to cite, it was held that the county commissioners' court has no power or authority, except such as is conferred upon them by the Constitution and statutes of the State.

In the cases of West Audit Company v. Yoakum County, 35 S. W. (2d) 404, and Sluder v. City of San Antonio, 2 S. W. (2d) 841, it was held that the rule was apparently settled in Texas that if the county received the benefit of a contract which it has the power to make but which was not legally entered into, it may be compelled to pay for what it has received, because in such cases the law implies a contract. However, the county may not be held liable upon an implied contract or a quantum meruit unless the commissioners' court was authorized to make the contract sought to be implied; nor is the county estopped to set up as a defense the lack of authority to make the contract. The other party to the agreement is not in the situation of one who has acted innocently or without knowledge of the circumstances. One who deals with the county is charged with the notice of the regulation; and a custom which ignores the law cannot be



invoked for the purpose of validating a transaction which is otherwise invalid.

We quote from the case of Baldwin v. Travis County, 88 S. W. 480, as follows:

"A county cannot be held liable in an action upon an implied contract of quantum meruit, unless the commissioners' court is authorized to make the contract sought to be implied or on which the quantum meruit is based."

The courts in this case citing a number of other cases supporting this holding.

Section 2 of Article 7332, supra, provides that "in suits by counties against any of the officers herein named to recover moneys or fees collected by any such officers, limitation of action shall not apply, and no such suit shall be barred by the statute of limitation."

We quote from Tex. Juris., Vol. 34, p. 575, as follows:

"As a rule, sureties are only liable for such sums of money as the officer may lawfully have received by virtue of his office. They are not liable for legal fees or taxes collected by the officer under the color of office, but which he had no authority to collect; nor are they liable for money turned over to him under the void order of the probate court, or for money which has been paid to him under orders of the commissioners' court and which in no circumstance could rightly be collected from the county," Also see the cases of Jeff Davis County v. Davis, 192 S. W. 291 (error refused); Miller v. Foard County, 59 S. W. (2d) 277; Haskell v. Hobby, 296 S. W. 396; and Smith v. Haskell 1 S. W. (2d) 1086.

You are respectfully advised that it is the opinion of this Department that your questions should be answered as follows:

Number 1.  Yes



Honorable Richard S. Morris, Page 7

Numbers 2, 3 and 5. The county attorney who received the above mentioned compensation is liable to the county for such compensation above the fees or compensation allowed for such services under Articles 335 and 7332 and the proper method of adjusting the same would be for the county attorney to pay to the county the difference between the compensation actually received and the compensation specifically allowed by law for such services.

Number 4. In answer to your fourth question you are advised that the county attorney would not be entitled to a reasonable compensation from the county on a quantum meruit basis but that the county attorney would be entitled only to those fees or compensation as provided by Article 335 and Article 7332 for the services mentioned therein.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

AW:LM

ENCLOSURE

APPROVED AUG 11, 1939

ATTORNEY GENERAL OF TEXAS